MOULSON (FIELD v.). See Case No. 4,770.

---

## Case No. 9,885.

### In re MOULTON et al.

[4 Pac. Law Rep. 127.]

District Court, D. California. Oct. 1. 1872.

BANKRUPTCY—PRIORITY OF LIENS—FRAUD.

[In the matter of Moulton & Masson, bankrupts.] Motion by judgment creditor to dissolve injunction.

M. G. Cobb, for assignee in bankruptcy.
Thomas V. O'Brien, for judgment creditor.

HOFFMAN, District Judge. An execution levy upon judgment obtained without fraud or collusion in a state court prior to institution of bankruptcy proceedings gives a lien, under sections 14 and 20 of the bankrupt act [14 Stat. 522, 526], that must first be satisfied. Evidence that the judgment was against a partnership, though only one partner was served; that it was in favor of an assignee who had paid no consideration for the assigned accounts upon which the judgments were obtained; that the judgment creditor had offered one of the judgment debtors (subsequently bankrupt) 25 per cent. of the judgment to consent to an immediate sale under execution; that before entry of judgment another creditor threatened to put defendants (afterwards bankrupts) in bankruptcy unless the plaintiff would discontinue suit or divide proceeds, the plaintiff thereupon promising to discontinue (other evidence being offered to show that the conversation last mentioned be-

tween plaintiff and creditor took place after judgment and levy),—evidence of such circumstances does not establish such a case of fraud, under the bankrupt act, as would authorize interference of a court of bankruptcy. Injunction dissolved.